IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | 8:07CV150 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| BORKO B. DJORDJEVIC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant, Borko B. Djordjevic's, Motion to Dismiss for Lack of Personal Jurisdiction, Filing No. 9. For the reasons set forth herein, the defendant's motion to dismiss is denied.

**FACTS**

Plaintiff, Steven M. Denenberg ("Denenberg"), a plastic surgeon in Omaha, Nebraska, brings this copyright infringement action against Djordjevic, a plastic surgeon practicing in the state of California. Filing No. 1, Complaint ¶¶ 1, 2 and 3. Denenberg created and owns an Internet website, www.facialsurgery.com, that provides marketing for his plastic surgery practice in Omaha, Nebraska. Complaint ¶ 7; Filing No. 14, Exhibit 1, Affidavit of Steven M. Denenberg ("Denenberg Aff.") ¶ 6. Denenberg's website includes over 2,000 before and after photographs of patients on which Denenberg has operated ("Denenberg photos"). Complaint ¶ 5; Denenberg Aff. ¶ 4. Denenberg has registered the content of his website including the text, photographs and diagrams with the United States Copyright Office, copyright number TX-5-917-608. Denenberg Aff. ¶ 5. Additionally, Denenberg's website includes a statement that the photographs are subject to Denenberg's copyright. *Id.* ¶ 7.

In his complaint, Denenberg alleges that Djordjevic owns and operates two websites, www.face-lift.us and www.SurgeonToTheStars.com. Complaint ¶¶ 8 and 13. Additionally, Denenberg alleges that both websites incorporate the copyrighted Denenberg photos. Complaint ¶¶ 9 and 13. Denenberg also alleges that he first became aware of Djordjevic's use of the Denenberg photos on October 8, 2005. Denenberg Aff. ¶ 10.

**Face-Lift.us Website**

Denenberg provides to the court a printout of the July 21, 2007 version of the www.Face-Lift.us website. Filing No. 14, Plaintiff's Evidence Index, Exhibit 6. In this website, Djordevic is the only plastic surgeon listed on the website. *Id*. The website includes over 30 pairs of Denenberg's before and after photos as well as a number of other Denenberg photos. *Id.* Additionally, the website affirmatively asserts that the photographs contain Djordjevic's work: "You should review Dr. Djordjevic's un-touched results because we believe that you should see Dr. Djordjevic's skill and artistry by looking at actual results." *Id.*

**SurgeonToTheStars.com Website**

In the October 8, 2005 version of the www.SurgeonToTheStars.com website, Djordjevic is the only plastic surgeon listed and pictured. Filing No. 14, Exhibit 2. Denenberg asserts that at least 9 pairs of before and after Denenberg photos are contained on the website. *Id.* As of November 6, 2005, a revised version of the www.SurgeonToTheStars.com website is available with additional Denenberg photos. Filing No. 14, Exhibit 3. On or before, November 24, 2005, Djordjevic added a copyright mark to all the Denenberg photos that were on the www.SurgeonToTheStars.com website. Filing No. 14, Exhibit 4. In June 2006, the www.SurgeonToTheStars.com website still

2

contained Djordjevic's information, a picture of Djordjevic, and the Denenberg photos. Filing No. 14, Exhibit 5.  However, for the first time, the website also lists two additional doctors.  *Id.*  More significantly, the June 2006 version indicates "Surgeon To The Stars serves the major metropolitan areas of and for the following services: . . . For Nebraska Cosmetic Surgery, Plastic Surgery, Cosmetic Surgery, Plastic Surgery [sic], Reconstructive Surgery, Cosmetic Surgeon Resources for the following communities:  Omaha, Nebraska, Lincoln, Ne., Kearney, Ne. . . ."  *Id.*  The website also provides information about travel arrangements and how to get to Djordjevic's office from the Los Angeles International Airport.  *Id.*

**DjordjevicMD.com Website**

While not asserted in the Complaint, Denenberg also alleges in his response to the Motion to Dismiss, the existence of a third infringing website,  www.DjordjevicMD.com. Denenberg Aff. ¶ 12.  From Archive.org, Denenberg provides a copy of the www.DjordjevicMD.com website from February 12, 2004.  Denenberg Aff. ¶ 11; Filing No. 14, Exhibit 7.  The www.DjordjevicMD.com website simply provides a link that sends users to www.Face-Lift.us, which discussed above, contained numerous Denenberg photos. Filing No. 14, Exhibit 7.

On April 20, 2007, Denenberg filed his Complaint in this court.  Filing No. 1.  The Complaint alleges four causes of action 1) copyright infringement[1] by Djordjevic in posting of the Denenberg photos on the www.Face-Lift.us website; 2) copyright infringment by Djordjevic for the use of the Denenberg photos on the www.SurgeonToTheStars.com

---

[1] 17 U.S.C. § 101 *et. seq.*

website; 3) a Nebraska Consumer Protection Act[2] violation by Djordjevic using unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce; and 4) a Lanham Act[3] violation by Djordjevic in using false or misleading representations of fact likely to cause confusion, mistake or deceit as to the services or commercial activities of another person.  *Id.*  Denenberg seeks damages, injunctive relief, attorneys' fees, interest, costs and other unspecified relief.  *Id.*

Djordjevic claims that while www.face-lift.us does provide information about his medical practice, he did not design or construct the website, nor has he personally maintained the website.  Filing No. 10, Declaration of Dr. Borko B. Djordjevic ("Djordjevic Dec.") ¶ 24.  Regarding the www.SurgeonToTheStars.com website, Djordjevic goes further in disclaiming the website, including a statement that he did not "design, direct, contribute to, provide any verbal or photographic content for, contract for, maintain any portion of, or own any portion of the Surgeon Web Site."  *Id.* ¶ 29.  Djordjevic also claims that he has never conducted business in Nebraska, solicited business from Nebraska, or had any contacts whatsoever with Nebraska or its residents.  *Id.* ¶¶ 3-23, 34-36.  Additionally, Djordjevic claims that both websites are passive websites, and thus, do not constitute grounds for jurisdiction.  *Id.* ¶¶ 26 and 33.  Djordjevic claims that the websites were created in California, and that all the documentary evidence and witnesses concerning the websites are in California.  *Id.* ¶¶ 29, 37, 38.  Finally, Djordjevic asserts that it would be a hardship for him to defend the action in Nebraska.  *Id.* ¶ 38.

---

[2] Neb. Rev. Stat. § 59-1602.

[3] 15 U.S.C. § 1125.

**ANALYSIS**

To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. *Dakota Industries, Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted.) If the district court does not hold a hearing and instead relies on pleadings and affidavits, the court must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that part. *Id.*

An analysis of personal jurisdiction occurs on two levels, first whether the exercise of jurisdiction is proper under the forum state's long-arm statute. *Id.* at 1388; *Austad Co. v. Pennie & Edmonds,* 823 F.2d 223, 225 (8th Cir. 1987). Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (1995), has been interpreted to extend jurisdiction over non-resident defendants to the fullest degree allowed by the Due Process Clause of United States Constitution. *Wagner v. Unicord Corp.*, 526 N.W.2d 74, 77 (Neb. 1995). Therefore, the court will address the second level, whether the exercise of personal jurisdiction comports with due process.[4] *Austad Co.*, 823 F.2d at 225.

Due process requires that the defendant has minimum contacts with the forum such that the maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). To maintain personal jurisdiction, a

---

[4] The copyright infringement and Lanham Act violations are predicated on federal law and, therefore, due process is examined in light of the Fifth Amendment. *Dakota Industries*, 946 F.3d at 1389. The Nebraska Consumer Protection Act claim would be examined in light of the Fourteenth Amendment. However, since the substantive analysis under the Fifth and Fourteenth Amendments appears to be the same, the court will conduct only one analysis. *See Janel Russell Designs, Inc., Mendelson & Assoc., Inc.*, 114 F. Supp. 2d 856, 861 n.1 (D. Minn 2000).

defendant's contacts with the forum state must be more than "random," "fortuitous," or "attenuated."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).  Rather, sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  In evaluating a defendant's reasonable anticipation, there must be "some act by which the defendant purposefully avails itself of the privilege of conduct activities within the forum State, thus invoking the benefits and protections of its laws."  *Burger King*, 471 U.S. at 475 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).  "Purposeful availment" means that the defendant's contacts with the forum state must not be "random," "fortuitous," "attenuated," or the result of unilateral activity of a third person or another party.  *Id.*

In addition to the basic principles of due process, the court evaluates five factors in analyzing the constitutional requirements needed to sustain personal jurisdiction:  (1)  the nature and quality of the contacts with the forum state; (2) the quantity of contacts with the forum; (3) the relation of the cause of action to these contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. *Digi-tel Holdings, Inc. v. Proteq Telecomm., Ltd.,* 89 F.3d 519, 522-23 (8th Cir. 1996), *citing Wessels, Arnold & Henderson v. Nat'l Med. Waste, Inc.*, 65 F.3d 1427, 1432 (8th Cir. 1995). The first three factors are considered to be primary, with the third factor distinguishing whether jurisdiction is specific or general.  See *Wessel*s, 65 F.3d at 1432 n.4.  The latter two factors are considered "secondary factors."  *Minn. Mining & Mfg. Co. v. Nippon Carbide Indus. Co.*, 63 F.3d 694, 697 (8th Cir. 1995); *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas*, S.A., 51 F.3d 1383,1388 (8th Cir. 1995).

Jurisdiction over a defendant is proper when the defendant's intentional conduct in another state is calculated to cause injury to the plaintiff in the forum state. *Calder v. Jones,* 465 U.S. 783, 791(1984). When a defendant's intentional and tortious actions are expressly aimed at the forum, they must "reasonably anticipate being haled into court there." *Id.* at 790. In *Calder*, the defendants, residents of Florida, wrote an article in the National Enquirer that would have a potentially devastating impact on the plaintiff, a resident of California. The defendants claimed that a California court did not have jurisdiction over them as they had no contact with the state of California. However, the U.S. Supreme Court held that the defendants "knew that the brunt of the injury would be felt by the respondent in the State in which she lives and works and in which the National Enquirer has its largest circulation. . . . An individual injured in California need not go to Florida to seek redress from persons who, though remaining in Florida, knowingly cause the injury in California." *Id.* at 789-790.

Djordjevic used the Denenberg photos to solicit plastic surgeon patients which would clearly have consequences in Nebraska. Not only did the www.SurgeonToTheStars.com website, specifically solicit clients from Omaha, Nebraska, as well as 20 other Nebraska communities, Denenberg draws from a national-wide clientele, including clients from California, who travel to Omaha for plastic surgery. Filing No. 14; Exhibit 5; Denenberg Aff. ¶¶ 6, 20 (indicating that Denenberg's website www.facialsurgery.com has resulted in patients from 51 foreign countries and most of the states in the United States, including patients from California). Furthermore, Denenberg claims that Djordjevic's use of the Denenberg photos has caused actual confusion with prospective patients who have questioned whether Denenberg or Djordjevic performed the

7

surgeries depicted in the photos.  Id. ¶ 20.  Djordjevic should have known that the Denenberg photos were copyrighted, and moreover, Djordjevic knew that he did not operate on the individuals portrayed in the Denenberg photos.  Djordjevic should have known the assertion that the photos depicted surgeries Djordjevic performed would have a potentially devastating impact on Denenberg in Nebraska where his practice is located.  The tortious activity, infringing on Denenberg's copyright such that confusion would occur with potential plastic surgery clients, was directed, at least in part, to Denenberg's practice in Omaha, Nebraska, and, therefore, Djordjevic intentional acts were aimed at this forum with the knowledge that the brunt of the injury would be suffered by Denenberg in this forum, and Djordjevic should have reasonably anticipated being haled into court in this forum.  See *Dakota Industries*, 946 F.2d at 1390-91 (finding when some of the infringing activity was directed at the forum, in addition to the defendant's intentional infringement of a trademark, personal jurisdiction is proper.)

Djordjevic asserts that the websites at issue in this matter are both "passive" websites and, therefore, maintaining the websites in this case is not sufficient to form the basis for personal jurisdiction.  However, in this case, we are dealing with "intentional, and allegedly tortious, actions" not "mere untargeted negligence."  *Calder*, 465 U.S. at 789.  Therefore, the defendant's reliance on *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316 (9th Cir. 1998), and *Mink v. AAAA Development, LLC,* 190 F.3d 333 (5th Cir. 1999), and related cases is misplaced.  This is not a case where the website forms the contact with the forum, but instead the intentional tortious activity included on the defendant's website, namely intentionally infringing on Denenberg's copyright, that forms the basis for jurisdiction.

8

In considering all five *Digi-tel* factors, and giving greatest weight to the first three factors, the court concludes that the exercise of personal jurisdiction over Djordjevic is consistent with due process.[5] The court finds that Denenberg need not to go to California to seek redress from a person, through remaining in California, knowingly caused him injury in Nebraska. Djordjevic should have anticipated being hailed into court in Nebraska when he added Denenberg's copyrighted photos to his website and asserted that he performed the surgeries depicted in the photos. Therefore, the defendant's motion to dismiss is denied.

IT IS ORDERED that defendant's Motion to Dismiss, Filing No. 9, is denied.

DATED this 18th day of December, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

[5] The two secondary factors – the interest of Nebraska and the convenience of the parties – also support jurisdiction. Nebraska has an obvious interest in providing a local forum in which residents can litigate claims when their intellectual property rights have been knowingly violated. While some documents and witnesses may be in California, others are located in Nebraska. Whatever inconvenience Djordjevic may undergo by being required to litigate in Nebraska would be equaled to the inconvenience suffered by Denenberg if he is required to litigate in California.