# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV150 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| BORKO B. DJORDJEVIC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's letter motion to stay proceedings (Filing No. 25). The defendant filed a letter in an attempt to unilaterally comply with the planning report requirement of Fed. R. Civ. P. 26(f). The defendant states he did not receive any communication from the plaintiff's counsel regarding the planning report. Further, the defendant, who is proceeding pro se, states he has been in Kosovo, Serbia, since November 2007, and is not expected to return to the United States until December 2008. For this reason, the defendant asks that the matter be stayed until January 2009.

The plaintiff opposes the stay. **See** Filing No. 28. The opposition states, in its entirety:

> COMES NOW the Plaintiff and objects to a continuation of the above case for the reason that Defendant has failed to verify or confirm any document, affidavit, evidence, index of evidence or otherwise that he is unable to defend the above-captioned case and cannot leave Kosovo.

*Id.*

On April 20, 2007, the plaintiff filed the instant action for copyright infringement based on images contained on an internet Web site. **See** Filing No. 1. The defendant filed a motion to dismiss the action on July 17, 2007. **See** Filing No. 9. On December 18, 2007, the court denied the motion to dismiss. **See** Filing No. 19. On January 24, 2008, the plaintiff filed a motion for default judgment. **See** Filing No. 20. Thereafter, the defendant filed an answer and an affidavit stating he had been continuously outside this country since mid-November 2007, and had not yet returned. **See** Filing No. 22. On March 31, 2008, the court denied the plaintiff's motion for default judgment. **See** Filing No. 23. On April 1,

2008, the court entered a deadline of May 12, 2008, for the parties' planning conference report.  **See** Filing No. 24.  No scheduling order has yet been entered in this matter.

## DISCUSSION

The power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).  A party who seeks a stay must show hardship or inequity in being forced to move forward if there is "even a fair possibility that the stay for which he prays will work damage to someone else." *Lockyer*, 398 F.3d at 1109; *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) ("Traditionally, an applicant for a stay has the burden of showing specific hardship or inequity if he or she is required to go forward.").  Accordingly, the court must balance the consequences of imposing a stay on the opposing party against the consequences of proceeding on the movant.  **See** *Jones*, 72 F.3d at 1365.  "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112.  Harm to a party may exist if a party will suffer ongoing economic injury stemming from the stay itself or based on the nature of the action. *Id*. at 1112.

In the instant case, the defendant states he is unable to return to the United States until January 2009.  **See** Filing No. 25, p. 10.  He also states he has no fixed residence in Kosovo and is unable to send or receive mail on a normal basis.  *Id.*  The defendant argues the stay will not prejudice the plaintiff because the online photographs at issue in the case no longer exist online.  *Id.*  Although the defendant did not file an affidavit with his letter, the letter is signed by him.  Additionally, a previously filed affidavit (Filing No. 22) is consistent with the defendant's claim to be out of the country.  The court finds the defendant has stated a clear hardship if the case were to progress without his ability to participate meaningfully.  It is not the mere compliance with a discovery schedule or

expenditure of resources to defend the action, but the party's absence from involvement altogether. A "fair possibility" of harm to the defendant exists if the stay is not granted. In contrast, the plaintiff has failed to show hardship or inequity by virtue of the stay. There is no evidence in the record that the plaintiff had made a meaningful attempt to contact the defendant in order to file a joint planning conference report or otherwise comply with the court's planning report requirements.

The court has an interest in securing the just, speedy, and inexpensive determination of every action. **See** Fed. R. Civ. P. 1. Here, the defendant would be at a clear disadvantage if the case were to progress without his participation. The plaintiff has shown no greater interest in going forward without the defendant, particularly where the images at issue are no longer being published. Accordingly, the plaintiff has failed to show any hardship or inequity by staying the case outweighs the harm to the defendant in proceeding. Rather, the defendant has shown good cause exists why the matter should be stayed, at least temporarily. The case, however, will not be stayed indefinitely. The defendant shall keep the court apprised of his location and ability to proceed with this matter. Upon consideration,

**IT IS ORDERED:**

1.     The defendant's motion to stay proceedings (Filing No. 25) is granted for a stay of sixty days. The court will re-examine the decision to stay proceedings after review of additional materials as described below.

2.     **On or before July 30, 2008**, the defendant shall file with the Clerk of Court a sworn statement as to his present immigration status in Kosovo and the purpose for his visit.

> a.     If the defendant is a U.S. citizen, he shall provide proof he has registered with the U.S. Embassy in Pristina or at some other U.S. consular office in Kosovo, Macedonia, or elsewhere.
>
> b.     If the defendant is traveling on a U.S. passport, he shall state whether he has registered at the Office for Registration of Foreigners at the Main

Police Headquarters in Pristina for permission to stay in Kosovo beyond ninety days.

DATED this 5th day of June, 2008.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge