### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **STEVEN M. DENENBERG,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV150 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **BORKO B. DJORDJEVIC,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court after receipt of a motion and other documents received from the defendant. On March 26, 2009, the court held a telephone conference with counsel for the parties. Prior to the telephone conference, the defendant had been proceeding pro se. However, on that date counsel for the defendant, Wendell W. Faile, entered his appearance for the record. After discussion with counsel the telephone conference was continued and Mr. Faile was directed to "submit the forms required for his pro haec vice admission in this matter forthwith." **See** Filing No. 41. Mr. Faile has not complied with the court's March 26, 2009 Order. Additionally, the defendant himself has submitted documents dated April 24, 2009,[1] to the court for filing. Specifically, the defendant mailed the following documents:

1) Motion to Bring in Third-Party Defendants,
2) Memorandum of Points and Authorities in Support of Motion,
3) Declaration of Defendant in Support of Motion,
4) an unsigned Summons on Third-Party Complaint,
5) proposed Third-Party Complaint, and
6) certificate of service for service of the above documents on the plaintiff.

The defendant continues to be represented by counsel. Counsel has not sought or received leave to withdraw as counsel. Accordingly, Mr. Faile is still legal counsel for the defendant and has not been "relieved of duties to the court, the client, and opposing counsel." NEGenR 1.3(f). Federal Rule of Civil Procedure 11(a) states in pertinent part: "Every pleading, written motion, and other paper must be signed by at least one attorney

---

[1] The documents were received by the court on May 7, 2009, except for item 6, which was received April 28, 2009.

of record in the attorney's name -- **or, by a party personally if the party is unrepresented**." (emphasis added).  Thus, it is clear that Rule 11 contemplates **either** self-representation **or** attorney representation, but not both by the same party in the same case.  Additionally,

> Once counsel is appointed or retained, all further documents and other communications with the court must be submitted through counsel, unless the court permits otherwise. Any further pro se documents or other communications submitted to the court may be (1) returned unfiled to the sending party or (2) forwarded to the sending party's counsel.

[NEGenR](#) 1.3(i).

In this litigation, the defendant has retained counsel who has entered an appearance on the defendant's behalf.  Therefore, in accordance with Rule 11, the attorney of record must sign all pleadings, motions and papers to be filed with the court for the defendant.  The signature of the defendant's attorney is important because Rule 11 explains that by signing documents filed with the court, the attorney makes certain representations and warranties, and risks exposure to sanctions for violations of Rule 11.  Therefore, unless the court grants a motion to withdraw or substitute counsel enters an appearance or Mr. Djordjevic informs the court he wishes to proceed pro se, only Mr. Faile may represent the defendant in this matter or file documents on the defendant's behalf.  Because there is some question as to Mr. Faile's continued representation of the defendant, the court will not yet forward the defendant's original documents.  Upon consideration,

**IT IS ORDERED:**

1. Mr. Faile shall submit the forms required for his pro haec vice admission in this matter **on or before May 20, 2009**.  In the alternative, Mr. Faile shall file a motion seeking leave to withdraw as counsel for the defendant.  The motion shall state whether Mr. Faile has discussed the matter with Mr. Djordjevic, whether the motion is opposed, and a certificate for service on the defendant.  Failure to comply with this order may result in the attorney's removal as counsel of record for the defendant.

2. The court will retain the six original documents sent to it by Mr. Djordjevic until the status of Mr. Faile's representation of the defendant is resolved. If Mr. Faile continues to represent the defendant, the documents will be forwarded to the defendant's counsel. Alternatively, the court will file the documents as of the date the defendant again becomes pro se.

3. The Clerk of Court shall send a copy of this order to Mr. Faile and to the defendant:

| | |
|---|---|
| Wendell W. Faile | Borko B. Djordjevic |
| 28190 Avenida Primavera | Voj. Dobrnjca 16 |
| Cathedral City, CA 92234 | Beograd 1100 |
| | SERBIA |

DATED this 8th day of May, 2009.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge