UNITED STATES DISTRICT COURT
for the
DISTRICT OF NEBRASKA

| | |
|---|---|
| STEVEN M. DENENBERG,<br><br>                Cross-Plaintiff,<br>       v.<br><br>DOCTORS SURGERY CENTER,<br>Individually and doing business as<br>Surgeontothestars.com,<br><br>                Cross-Defendant. | Civil Action No. 8:07-CV-00150<br><br><br><br><br>**DEFENDANT'S ANSWER TO<br>CROSS-PLAINTIFF STEVEN M.<br>DENENBERG'S CROSS-<br>COMPLAINT [DOCUMENT 76]<br>(Cross-Defendant)** |

COME NOW the Cross-Defendant DOCTORS SURGERY CENTER (hereinafter "DOCTORS" or "Cross-Defendant"), for itself and itself alone, in the above entitled action and for its answer to Cross-Plaintiff STEVEN M. DENENBERG'S (hereinafter "DENENBERG" or "Cross-Plaintiff") Cross-Complaint generally denies the allegations therein.

DOCTORS denies generally and specifically each and every allegation in the unverified cross-complaint, and further denies that Cross-plaintiff has suffered damages in the amount alleged, or in any amount at all, for any reason whatsoever.

## FIRST AFFIRMATIVE DEFENSE

As a first and separate defense to the cross-complaint herein, this answering cross-defendant states that this Court lacks personal jurisdiction over him in this action.

## SECOND AFFIRMATIVE DEFENSE

As a second and separate defense to the cross-complaint herein, this answering cross-defendant states that cross-plaintiff lacks standing to bring suit against this answering cross-defendant.

## THIRD AFFIRMATIVE DEFENSE

As a third and separate defense to the cross-complaint herein, this answering cross-defendant states that cross-plaintiff has failed to allege sufficient facts to state a cause of action against this answering cross-defendant.

## FOURTH AFFIRMATIVE DEFENSE

As a fourth and separate defense to the cross-complaint herein, this answering cross-defendant states that cross-plaintiff has failed to take reasonable steps to mitigate his damages, if any, which damages this answering cross-defendant denies.

## FIFTH AFFIRMATIVE DEFENSE

As a fifth and separate defense to the cross-complaint herein, this answering cross-defendant states that each cause of action in the cross-complaint is barred by the legal doctrines of waiver, release, estoppel, acquiescence, and detrimental reliance.

## SIXTH AFFIRMATIVE DEFENSE

As a sixth and separate defense to the cross-complaint herein, this answering cross-defendant states that each cause of action in the complaint is barred, wholly or partially, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh and separate defense to the cross-complaint herein, this answering cross-defendant states that cross-plaintiff consented to all of the alleged acts and events set forth in this cross-complaint.

///

### EIGHTH AFFIRMATIVE DEFENSE

As an eighth and separate defense to the cross-complaint herein, this answering cross-defendant states that it specifically reserves the right to raise any additional defenses that are discovered or ascertained after the date of this answer.

### NINTH AFFIRMATIVE DEFENSE

As a ninth and separate defense to the cross-complaint herein, this answering cross-defendant states that there are no factual of probable basis or probable causes of action upon which cross-plaintiff instituted the cross-complaint  Accordingly, said cross-defendant intends this affirmative defense to put cross-plaintiff on notice that his claime as against this answering cross-defendant are perceived to be frivolous and in bad faith; this cross-complaint is an abuse of process and constituted malicious prosecution, and this answering cross-defendant is entitlted to recover attorney's fees, costs and expenses associated with the defense of this action pursuiant.

### TENTH AFFIRMATIVE DEFENSE

As a tenth and separate defense to the cross-complaint herein, this answering cross-defendant states that it is excused from any and all liability under the facts alleged in the cross-complaint because at all material times this answering cross-defendant's conduct was free of negligence and/or any intent to cause the acts of which cross-plaintiff complains.

### ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh and separate defense to the cross-complaint herein, this answering cross-defendant states that cross-plaintiff ratified the alleged actions, if any, which occurred, and is thereby barred from recovery.

### TWELFTH AFFIRMATIVE DEFENSE

As a twelfth and separate defense to the cross-complaint herein, this answering cross-defendant states that cross-plaintiff's claims are barred by the equitable doctrine of laches.

///

### THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth and separate defense to the cross-complaint herein, this answering cross-defendant states that it's acts and omissions to act as alleged by the cross-plaintiff were not the proximate cause of the loss or damage, if any, for which recovery is sought.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth and separate defense to the cross-complaint herein, any alleged acts or omissions of this answering defendant were not a substantial factor in bringing about cross-plaintiff's claimed injuries and were not contributing causes thereof, and were superseded by the acts or omissions of others, including, but not limited to the acts or omissions of cross-plaintiff, which ere independent, intervening, and proximate causes of any injury or damage allegedly suffered by cross-plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth and separate defense to the cross-complaint herein, this answering cross-defendant states that the claims of cross-plaintiff are barred by the Statute of Limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth and separate defense to the cross-complaint herein, this answering cross-defendant states that the cross-plaintiff failed to exercise ordinary care on his own behalf with regard to the allegations in the cross-complaint. Any injuries or damages sustained by cross-plaintiff as a result of those allegations were legally and proximately caused by cross-plaintiff's own negligence, and cross-plaintiff's recovery, if any, must be diminished in proportion the amount of negligence attributable to cross-plaintiff.

WHEREFORE, DOCTORS prays for judgment as follows:

1. That Cross-plaintiff takes nothing by reason of its Cross-Complaint;

2. That DOCTORS be dismissed from all causes of action in the Cross-Complaint;

    3.       That DOCTORS be awarded its costs of suit herein, according to law, and attorney fees; and

    4.       For such other relief as the Court may deem just and proper.


Dated: August 18, 2010　　　　　　　　　　　S/Edwin R. Cottone
　　　　　　　　　　　　　　　　　　　　　　　Edwin R. Cottone, Esq.
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　　　　DOCTORS SURGERY CENTER

## CERTIFICATE OF SERVICE

I, Halley Bonfanti, hereby certify that on August 18th, 2010 a true and correct copy of the foregoing: **DOCTOR'S SURGERY CENTERS ANSWER TO CROSS-COMPLAINT OF STEVEN M. DENENBERG** was served upon the following via PACER or first-class mail, postage prepaid and addressed to:

Norman Denenberg, Esq.
3815 Dodge Street
Omaha, NE 68131

S/Halley Bonfanti
Halley Bonfanti