IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STEVEN M. DENENBERG, | ) | |
| | ) | |
| Plaintiff and Cross Plaintiff, | ) ) | 8:07CV150 |
| | ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION |
| BORKO B. DJORDJEVIC, | ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| DOCTORS SURGERY CENTER, d/b/a Surgeontothestars.com | ) ) ) | |
| Third-Party Defendant and Cross Defendant. | ) ) | |

This matter is before the undersigned magistrate judge *sua sponte*. The undersigned magistrate judge entered an order (Filing No. 105) requiring Borko B. Djordjevic to show cause why he failed to comply with the court's March 1, 2010, order (Filing No. 100) scheduling a telephone planning conference. Mr. Djordjevic did not file a response. The court re-scheduled the telephone planning conference for September 14, 2010, by order dated August 16, 2010 (Filing No. 110). Mr. Djordjevic did not participate in the conference.

For the reasons set forth below, the undersigned magistrate judge will recommend, for a second time, that Mr. Djordjevic's Third Party Complaint as against Doctors Surgery Center be dismissed without prejudice and his Answer be stricken subjecting him to entry of default.

### BACKGROUND

The court held a telephone planning conference on March 19, 2010, and the defendant, Borko B. Djordjevic, failed to participate in the conference. The telephone

planning conference had been scheduled by the court's order dated March 1, 2010. **See** Filing No. 100. The March 1, 2010, order also warned Mr. Djordjevic that failure to participate in the telephone conference may result in an entry of default or dismissal. On May 7, 2010, the court entered an order requiring Mr. Djordjevic to show cause for his failure to participate. **See** Filing No. 105. Mr. Djordjevic did not respond. On June 11, 2010, the undersigned magistrate judge recommended that Mr. Djordjevic's Third Party Complaint as against Doctors Surgery Center be dismissed without prejudice and his Answer be stricken subjecting him to entry of default. **See** Filing No. 106. On June 24, 2010, Mr. Djordjevic filed an objection to the recommendation, stating that he had been receiving only some of the court filings and he had been ill. **See** Filing No. 107. On August 9, 2010, the court required the Clerk of Court to determine whether Mr. Djordjevic was receiving filings. **See** Filing No. 109. At that time, the court gave Mr. Djordjevic thirty days to comply with the court's earlier orders. He did not respond. The court re-scheduled the telephone planning conference for September 14, 2010, by order dated August 16, 2010. **See** Filing No. 110. Mr. Djordjevic did not participate in the conference or contact the court.

The defendant is bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the litigation of this case. **See** NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the court of address changes within 30 days). "Pro se litigants are not excused from complying with court orders or substantive and procedural law." *Farnsworth v. City of Kansas City, Mo.*, 863 F.2d 33, 34 (8th Cir. 1988). Additionally, failure to comply with court orders may subject the defendant to sanctions, including dismissal of his complaint or default judgment. **See** *id.* The Eighth Circuit has long held that dismissal for failure to prosecute is well within the court's discretion. **See** *Roberts v. Missouri Div. Of Employment*, 636 F.2d 249, 250 (8th Cir. 1980). The court's discretion was later explained as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction

2

> that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

*Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional delay by willfully disregarding court orders and violating the Federal Rules." *Hunt*, 203 F.3d at 527-28. However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); see *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse affect of the plaintiff's conduct on the defendant and on the administration of justice." *Otis v. Knudsen*, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)).

In this case, Mr. Djordjevic has failed to comply with the court order requiring him to provide contact information. If the court and counsel are unable to communicate with Mr. Djordjevic, such failure will interfere with the orderly processes of this court. Such failure may have contributed to, and certainly exacerbated, his failure to participate in more than one scheduled telephone planning conference.

Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]f a party . . . (a) fails to appear at a scheduling or other pretrial conference; . . . or (c) fails to obey a scheduling or other pretrial order." In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)"[1] for sanctions. Additionally,

> Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable

---

[1] Relevant here, the sanctions may include: "(iii) striking pleadings in whole or in part; . . . (v) dismissing the action or proceeding in whole or in part; [or] (vi) rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A).

> expenses--including attorney's fees--incurred because of any
> noncompliance with this rule, unless the noncompliance was
> substantially justified or other circumstances make an award
> of expenses unjust.

Fed. R. Civ. P. 16(f)(2). Similarly, Fed. R. Civ. P. 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Such rule also "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c).

During the pendency of this action, Mr. Djordjevic has failed to participate in a reasonably diligent manner on several occasions. Most recently, Mr. Djordjevic failed to participate in the court's telephone planning conference. Additionally, Mr. Djordjevic failed to participate in the parties' planning meeting required by court order and Federal Rule of Civil Procedure 26(f). Moreover, Mr. Djordjevic failed serve third-party defendant John Osaka or respond to a court order requiring him to show cause why the claims against Mr. Osaka should not be dismissed. Ultimately, the court dismissed the claims against Mr. Osaka based on the failure of service. **See** Filing No. 104. Mr. Djordjevic continually fails to respond to court requests for action. The court notes that although Mr. Djordjevic has his mail sent to Serbia, the court also mails copies of all orders to a person, on Mr. Djordjevic's behalf, who listed as an "Interested Party" in this matter and who receives mail in California.

The sanctions associated with Mr. Djordjevic's failure to comply with previous court orders are harsh. Accordingly, Mr. Djordjevic was given an opportunity to show cause by filing a written response addressing his failures and why this litigation should not be adversely resolved against him. He failed to provide the court with any explanation for his failure to comply with a court scheduling order. Further, Mr. Djordjevic failed to comply with the court's order to show cause why the action should not be resolved against him. Over the course of several years, Mr. Djordjevic has continually acted in a manner that interferes with the orderly processes of this court. The undersigned magistrate judge finds Mr. Djordjevic's failure to comply with court orders in this action interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

1. Mr. Djordjevic's Third Party Complaint (Filing No. 59) be dismissed as to Doctors Surgery Center, without prejudice.

2. Mr. Djordjevic's Answer (Filing No. 21) be stricken and default be entered against him, with the entry of default to be set aside, upon written motion, if Mr. Djordjevic cures his deficiencies prior to entry of default judgment.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 15th day of September, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.